**Pages 1 - 9**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Before The Honorable Daniel E. Butcher, Magistrate Judge

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | NO. 21-MJ-00033-DEB |
| ) | |
| MICHAEL JAMES STEVENS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

San Diego, California
Thursday, January 7, 2021

**TRANSCRIPT OF OFFICIAL ELECTRONIC SOUND RECORDING
OF PROCEEDINGS**

Liberty Court Player 2:53 p.m. - 3:03 p.m. = 10 minutes

**APPEARANCES:**

For Plaintiff:
    ROBERT S. BREWER, JR.
    United States Attorney
    880 Front Street, Suite 6293
    San Diego, California 92101
  **BY: MARITSA ANN FLAHERTY, ESQ.
    ASSISTANT UNITED STATES ATTORNEY**

For Defendant:
    FEDERAL DEFENDERS OF SAN DIEGO, INC.
    225 Broadway, Suite 900
    San Diego, California 92101
  **BY: BLAKE JACKSON EATON, ESQ.
    ATTORNEY AT LAW**

Transcribed By:  James C. Pence-Aviles, RMR, CRR, CSR No. 13059
                Official Court Reporter

| | |
|---|---|
| 1 | **Thursday - January 7, 2021**                               **2:53 p.m.** |
| 2 | **P R O C E E D I N G S** |
| 3 | ---oOo--- |
| 4 | **THE CLERK:** Calling Matter Number 3, 21-MJ-33, USA |
| 5 | versus Michael James Stevens. |
| 6 | **THE COURT:** Good afternoon, Mr. Stevens. |
| 7 | Can you hear me, sir? |
| 8 | **THE DEFENDANT:** Yes, I can. |
| 9 | **THE COURT:** Mr. Eaton, have you or one of your |
| 10 | colleagues spoken with Mr. Stevens about his right to appear in |
| 11 | person, and is he prepared to waive and proceed by video? |
| 12 | **MR. EATON:** Yes, Your Honor. |
| 13 | **THE COURT:** Is that true, Mr. Stevens? |
| 14 | **THE DEFENDANT:** It is. |
| 15 | **THE COURT:** Based on your consent, we will proceed by |
| 16 | video. |
| 17 | Sir, the United States has filed a complaint against you |
| 18 | that charges you with importing approximately 1.02 kilograms of |
| 19 | methamphetamine into the United States on or about January 6th |
| 20 | of this year. |
| 21 | Regarding this charge, you do have the right to remain |
| 22 | silent.  If you make a statement, it can be used against you. |
| 23 | If you begin to make a statement, you can stop at any time. |
| 24 | If you are not a citizen of the United States, you may |
| 25 | request that an attorney for the United States or a law |

enforcement officer notify your consulate of your arrest. That may happen even if you don't request it.

You have a right to an attorney to represent you at all stages of your case. If you cannot afford to hire your own attorney, I'll appoint one to represent you at no cost to you.

Mr. Eaton, are you requesting appointed counsel for Mr. Stevens?

**MR. EATON:** Yes, Your Honor.

**THE COURT:** And do you have a proffer?

**MR. EATON:** Yes, Your Honor.

Mr. Stevens is unemployed and on disability. He does not have substantial income or assets that would allow him to hire counsel.

**THE COURT:** Based on that proffer, I find that Mr. Stevens cannot afford to hire his own attorney, and I'm appointing Patrick Hall to represent you, sir.

Do you have a pencil and a piece of paper so I can give you Mr. Hall's phone number?

**THE DEFENDANT:** I do.

**THE COURT:** Mr. Hall's number is (619) 840-9664.

So in light of the situation, it's commonly easier for you to call your attorney Mr. Hall rather than wait for him to try to reach you.

So keep that number, and when you have access to a phone, please call Mr. Hall and make contact with him. We will notify

1  Mr. Hall right away of his appointment to represent you.  So
2  he'll be requesting -- or expecting your call.
3       Now, you have the right to -- you have the right to a
4  preliminary hearing in your case.  The purpose of the
5  preliminary hearing is to determine if there's sufficient
6  evidence to hold your case over for trial.
7       I'm setting your preliminary hearing and your arraignment
8  for February 2nd at 9:00 a.m.  Both hearings are before me, and
9  you're ordered to appear in court at that time.
10      The final matter that we're going to address this
11 afternoon is conditions of release.  You do have the right to
12 bail.  At this time, I'm going to hear from the attorneys in
13 the case, starting with the attorney for the United States, as
14 to whether I can set conditions of your release and, if so,
15 what those conditions should be.
16      Ms. Flaherty?
17          **MS. FLAHERTY:**  Thank you, Your Honor.
18      We are asking -- requesting this defendant be detained
19 both on serious risk of flight and a danger to the community.
20          **THE COURT:**  Are you ready to proceed?
21          **MS. FLAHERTY:**  I am, Your Honor.
22          **THE COURT:**  And, Mr. Eaton, are you ready to proceed,
23 or do you wish to put this over?
24          **MR. EATON:**  I'm ready to proceed, Your Honor.
25          **THE COURT:**  Ms. Flaherty, you may proceed.

1          **MS. FLAHERTY:**  Thank you, Your Honor.
2          Your Honor, this defendant is a 39-year-old U.S. citizen.
3    He has a lengthy criminal history.  What concerns the
4    Government is it began at age 18.  It's proceeded throughout at
5    least age 34.
6          Not only does the length of the criminal history concern
7    us but the charges that he has been charged with, including a
8    very serious offense in 2008 and multiple repeated
9    felon-in-possessions of firearms or ammunition.  In fact, in
10   the instant case, he was also found with ammunition in the
11   vehicle, though he's clearly aware of his -- the lack of his
12   ability to have that.
13         He has several -- he has failures to appear and contempts
14   of court, all of which, we believe, weigh towards these risk of
15   flight and his failure to comply with court orders as well.
16         He also has a significant substance abuse history, which
17   goes towards both the risk of flight and the danger to
18   community.  And he has strong ties to Mexico, which we believe
19   is another reason he could possibly flee if let off on bail.
20         Based on these factors, we believe that -- let me also add
21   that the weight of the evidence in this case, though the least
22   important factor, is strong.  He was found with 1.02 kilograms
23   of methamphetamine in his vehicle.  He was the driver,
24   registered owner, sole occupant and did admit to knowledge of
25   the narcotics.

1  Based on all these factors, we believe the preponderance
2  of the evidence shows he is a serious risk of flight and by
3  clear and convincing evidence that he is a danger to the
4  community if released on bond.
5     **THE COURT:** Thank you, Ms. Flaherty.
6  Mr. Eaton?
7     **MR. EATON:** Yes, Your Honor.
8  Conditions do exist to alleviate any concerns regarding a
9  risk of flight or danger to community in this case.
10  Mr. Stevens lives in Santee and has lived in Santee for
11  the past six years with his wife and 12-year-old son.  He has
12  strong ties to that community, and then his wife works and has
13  a steady income, would be able to serve as a surety for him.
14  He has a strong incentive to stay with his family and -- and
15  not to be a flight risk.
16  As to the safety -- or danger to the community, while we
17  recognize Mr. Stevens's past criminal history, it's notable
18  that his record changed in 2016.  He suffered an injury in
19  2016, was severely burned.  And since then, his immune system
20  has been compromised.  He is at exceptionally high risk of
21  complications or death from COVID-19.
22  And so this not only makes detention exceedingly dangerous
23  for him under these circumstances but also provides him with a
24  strong incentive to stay home other than for attending court,
25  to remain with his family and not to put himself at risk.

1   And the -- the injuries and lasting effects of those
2   injuries have changed his behavior, have led him to not be a
3   danger to the community.  To the extent that the Government has
4   any concerns about substance use, we would not object to drug
5   treatment or counseling at the discretion of Pretrial Services.
6       All of those conditions, including a more substantial bond
7   if the Court finds it appropriate, would assure his appearance
8   and the safety of the community.  He is not a serious risk of
9   flight or danger to the community.
10      **THE COURT:**  Ms. Flaherty, is this a presumption case?
11  Do you know?
12      **MS. FLAHERTY:**  Your Honor, it is.  He is facing a
13  ten-year mandatory minimum because it is 500 grams or more of
14  methamphetamine.
15      **THE COURT:**  So based on the proffer of the United
16  States, I am granting the United States's motion on both
17  grounds.
18      I find both -- by clear and convincing evidence that there
19  is no condition or combination of conditions of release that I
20  could set that would reasonably assure the safety of any other
21  person and the community.  I also find by a preponderance of
22  the evidence that no condition or combination of conditions of
23  release would reasonably assure Mr. Stevens's appearance as
24  required.
25      My findings include the following:

1    The weight of the evidence, although the least important
2  factor, is strong.  Mr. Stevens will be subject to a lengthy
3  period of incarceration if -- if convicted, likely the ten-year
4  minimum mandatory.
5    There's a very serious prior criminal history, which
6  includes a history of violence and use of weapons.  There's a
7  history of alcohol or substance abuse.  Apparently,
8  Mr. Stevens, according to the Pretrial Services report, is
9  presently on probation, parole, or some type of supervision.
10    And in addition, I notice from the history as well that
11  there's at least two prior failures to appear in court as
12  ordered in addition to incidents of failing to honor conditions
13  of release and conditions of probation.
14    So for those reasons, I've signed an order of detention
15  pending trial.  My order is without prejudice.
16    What that means, Mr. Stevens, is that if there are any
17  significant developments in your case or other material facts
18  that your attorney Mr. Hall discusses with you that he believes
19  are of such weight that might cause me to change my ruling,
20  you're welcome to come back to the Court in the future and seek
21  conditions of release at that time.
22    But for present purposes, I have signed an order of
23  detention pending trial.
24    Anything further, Mr. Eaton?
25        **MR. EATON:**  No, Your Honor.

1  **THE COURT:** That's all for this afternoon,
2  Mr. Stevens. Thank you, sir.
3  **THE DEFENDANT:** Thank you.
4  Is it okay if I speak for a second? I've never been
5  convicted of having a gun.
6  **MR. EATON:** Mr. Stevens, if you have concerns about
7  what happened today --
8  **THE DEFENDANT:** Okay.
9  **MR. EATON:** -- speak to your attorney, and they can
10 help clear that up with the Court.
11 **THE DEFENDANT:** Thank you.
12 **MR. EATON:** Thank you.
13 **PRISON OFFICIAL:** Thank you, Your Honor, and Annette.
14 This is MCC signing off, sir.
15 **THE COURT:** Great. Thank you for your help.
16 **THE CLERK:** Thank you.
17 **THE COURT:** Have a good afternoon.
18           (Proceedings adjourned at 3:03 p.m.)

**CERTIFICATE OF TRANSCRIBER**

I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Southern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken, and further that I am not financially nor otherwise interested in the outcome of the action.

DATE:  Friday, March 5, 2021


/S/ James C. Pence-Aviles

James C. Pence-Aviles, RMR, CRR, CSR No. 13059
U.S. Court Reporter