Patrick Q. Hall, CA Bar No. 97019
Lauren M. Hofflin, CA Bar No. 310005
Law Offices of Patrick Q. Hall
501 West Broadway, Suite 730
San Diego, California 92101
Telephone: (619) 268-4040
Fax: (619) 268-4041
pat@pqhlaw.com

Attorney for Defendant
MICHAEL JAMES STEVENS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(Hon. Daniel E. Butcher)

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. MICHAEL JAMES STEVENS, Defendant. | CASE NO. 21-CR-660-GPC-DEB-1 **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO RECONSIDER BOND AND SET CONDITIONS OF RELEASE** |

**I.
INTRODUCTION**

On January 7, 2021, the Government charged MICHAEL JAMES STEVENS in a one count complaint alleging importation of 1.02 kilograms of methamphetamine in violation of 21 U.S.C. §§ 952 and 960. Mr. STEVENS was arraigned and entered a plea of not guilty. That same day, a detention hearing was held before Magistrate Judge Daniel

E. Butcher. Judge Butcher ordered the detention of Mr. STEVENS. *See* Detention Order, attached as Exhibit A. A transcript of the hearing is attached as Exhibit B.

At this time, based upon changed circumstances, Mr. STEVENS is requesting that the court reconsider its prior ruling and set a personal surety bond of $100,000.00 secured by a trust deed on the real property located at 14570 Rough and Ready Hwy, Rough and Ready, CA 95975. This property is owned by the parents of Mr. STEVENS' common law wife.

In particular, this request is based on two changed circumstances. First, Mr. STEVENS' suffers from severe second-degree burns over approximately 60% of his body, sustained in 2016. As a result, Mr. STEVENS's immune system has been compromised, which in turn puts him at an exceptionally high risk of complications or death from COVID-19. In addition, Mr. STEVENS' medical treatment at MCC has been unusually complicated. Mr. STEVENS continues to have open wounds from his prior injuries. Prior to incarceration, Mr. STEVENS would cover the wounds with gauze. However, because gauze is a considered a security threat at MCC, Mr. STEVENS has been unable to cover the wounds. Moreover, prior to incarceration, Mr. STEVENS was required to utilize a special soap, to cleanse the wounds and for his multiple skin grafts. MCC consistently runs out of this soap, and as a result, Mr. STEVENS has incurred numerous staph infections, requiring him to seek medical treatment on a daily basis. These medical complications not only subject Mr. STEVENS to unnecessary pain and discomfort, but could be better treated and to some extent entirely avoided if Mr. STEVENS were to be released on bond.

Second, sadly, Mr. STEVENS's father also recently passed away on April 7, 2021, and Mr. STEVENS seeks to aid his family in getting his father's affairs in order. His aunt has requested help from Mr. STEVENS in handling the father's residence and personal property.

Mr. STEVENS respectfully requests the Court's detention order be revoked and bail granted, as a combination of conditions may be imposed to ensure his appearance. Therefore, Mr. STEVENS asks the Court to set a $100,000 personal surety bond secured by a trust deed on real property located at 14570 Rough and Ready Hwy, Rough and Ready, CA 95975. Accordingly, Mr. STEVENS' seeks reconsideration of bond under 18 U.S.C. § 3145.

## II.
## PROCEDURAL HISTORY

On January 7, 2021, Mr. STEVENS, and an attorney from the Federal Defender's Office, Blake Jackson Eaton, appeared before the Honorable Magistrate Judge Daniel E. Butcher for the scheduled detention hearing, pursuant to 18 U.S.C. § 3142(f). Both parties proceeded by proffer.

In its detention order, the Court found by a preponderance of the evidence that no conditions could reasonably assure the appearance of Mr. STEVENS because there was probable cause to believe Mr. STEVENS committed the offense which carries a ten-year mandatory minimum, and issued an order of detention without prejudice. *See* Exhibit A.

## III.
## STANDARD OF REVIEW

Pursuant to 18 U.S.C. § 3145(b), Mr. STEVENS moves the Court to reconsider the prior order of detention and set bond. In an appeal of a detention order, the Court typically applies a *de novo* standard of review to the findings and order of detention by the magistrate judge. *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). In that review, the Court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *See id*. at 1193. If the performance of that function makes it necessary or desirable for the Court to hold additional evidentiary hearings, it may do so, and its power

3

21-CR-00660-GPC-DEB-1

to do so is not limited to occasions when evidence is offered that was not presented to the magistrate.  *See id*.

Here, Mr. STEVENS asks the Magistrate Judge to reconsider the prior ruling of detention ***without prejudice*** based upon changed circumstances, and to conduct an additional hearing on bond.

## IV.
## THE COURT SHOULD RECONSIDER THE DETENTION ORDER AND SET BOND

Mr. STEVENS requests that the Court reconsider the detention order and order release subject to the below conditions based on the following circumstances.

### A. Mr. STEVENS' Medical Concerns and Ties to the Community

In 2016, Mr. STEVENS suffered from an unfortunate accident in which he suffered from severe second-degree burns that cover a significant amount of his body.  *See* Medical Records, attached as Exhibit C.  He was hospitalized and began an extensive history of treatment, including multiple skin grafts, which had not been fully completed at the time of his arrest in this case.  In light of the burns and the skin grafts, his immune system is quite compromised.  To tend to his burns, he requires compression sleeves for both arms, compressions sleeves for both of his thighs, a special soap called Hibiclens that helps prevent the infections, and needs his dressings changed at least twice a day.  In addition, he requires continuous physical therapy to maintain mobility of his limbs.  Further, one of the skin grafts that was done behind his right knee did not take, leaving an open wound on his leg, which is severely prone to infection.

Unfortunately, MCC is not adequately equipped to provide the necessary medical and physical therapy that Mr. STEVENS desperately needs.  For example, MCC advised that he could not use gauze, which apparently is prohibited at MCC due to security risks, and he frequently runs out of the special soap at MCC.  As a result, Mr. STEVENS has sustained three staph infections over the past thirty days.  *See* MCC Medical Record

attached as Exhibit D, reflecting "heavy growth of staphylococcus aureus" behind his right leg.  Further, Exhibit E reflects the history of Mr. STEVENS' medical visits at MCC, which reflects that he has been seeing the medical unit on a daily basis.  Attached as Exhibit F, is a list of the medications prescribed at MCC, which includes the medications for his staph infections.

As a result, Mr. STEVENS encounters daily struggles due to his medical conditions, that most inmates typically do not face.  With the COVID-19 pandemic at MCC, Mr. STEVENS is even more fearful of contracting the coronavirus.  He was informed the recently recalled Johnson & Johnson vaccine was the only vaccine available to him.  Consequently, Mr. STEVENS is more susceptible to infections and vulnerable to the coronavirus.

Mr. STEVENS is forty years old.  He was born in Grass Valley, California, and has lived in California the majority of his life.  Prior to this offense he had lived in Santee, California for the past five years with his common law wife, Jennifer Mariani.  *See* Rental Agreement, attached as Exhibit G.  Although Mr. STEVENS has been on disability since his accident, Ms. Mariani has maintained consistent employment as a bookkeeper for the past seven years with Durvis Accounting Bookkeeping and Tax in Bonita, California.  In addition, he has sole custody of his twelve-year-old son, Jason.  Prior to this offense, Jason was residing with Mr. STEVENS and Ms. Mariani.  Currently, Jason is still residing with Ms. Mariano and has been attending Carlton Hills School in Santee.

Most recently, Mr. STEVENS has been able to secure a job offer at Allen Electric as an electrician, where he could work pending resolution of this case.  Thus, contrary to the presentation made at the original detention hearing, Mr. STEVENS does have significant ties to the community.  While he is facing a significant sentence if convicted, these ties and his significant health issues weigh heavily in favor of release pending trial so he can properly monitor and treat his condition.

### B. The Change of Circumstances Regarding Mr. STEVENS' Father's Death

To reopen his detention hearing, Mr. STEVENS need only show that "information exists that was not known to [him] at the time of the [previous] hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required." 18 U.S.C. § 3142(f)(2)(B).

First, his health condition has deteriorated while incarcerated at MCC. This is a factor unknown at the time of his original hearing.

Second, on April 7, 2021, Mr. STEVENS' father who resided in New Mexico, passed away. Defense counsel was notified the following week. While his death certificate has not been released yet, his aunt, Sharon Fields, called to inform of the passing of Mr. STEVENS father and provided case number, VCSO21001509, though the Sheriff's Office in Valencia County New Mexico regarding his father's death. As Mr. STEVENS was his father's only child, he is requesting that he be released so he can aid in getting his father's affairs in order. Accordingly, there has been a change in circumstances that require reconsideration of bond.

## V.
## CONCLUSION

For the foregoing reasons, Mr. STEVENS requests this Court revoke the detention order and set a $100,000 personal surety bond secured by a trust deed on the real property located at 14570 Rough and Ready Hwy, Rough and Ready, CA 95975.

Respectfully submitted,

Dated: April 19, 2021

 s/Patrick Q. Hall
PATRICK Q. HALL
Attorney for Defendant
MICHAEL JAMES STEVENS