RANDY S. GROSSMAN
Acting United States Attorney
MARITSA A. FLAHERTY
Assistant U.S. Attorney
California Bar No. 327638
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Telephone: (619) 546-6964
Maritsa.Flaherty@usdoj.gov
Attorneys for the United States

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL JAMES STEVENS, <br><br> Defendant. | Case No.: 21-CR-00660-GPC-DEB <br><br> **UNITED STATES OF AMERICA'S OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER BOND AND SET CONDITIONS OF RELEASE** <br><br> The Honorable Judge Daniel E. Butcher <br><br> Date: April 26, 2021 <br> Time: 9:00 A.M. |

    Plaintiff United States of America submits its opposition to Defendant MICHAEL JAMES STEVENS' Motion to Reconsider Bond and Set Conditions of Release.

    DATED: April 23, 2021.

                                        Respectfully submitted,

                                        RANDY S. GROSSMAN
                                        Acting United States Attorney

                                        *s/ Maritsa A. Flaherty*
                                        MARITSA A. FLAHERTY
                                        Assistant U.S. Attorney

# I.
# INTRODUCTION

Defendant Michael James Stevens was arrested on January 6, 2021 and charged with importing 1.02 kilograms of methamphetamine. (ECF 1.) On January 7, 2021, Defendant appeared before the Honorable Magistrate Judge Daniel Butcher for his initial appearance. (ECF 6.) The United States moved to detain the Defendant based on both serious risk of flight and danger to community. *Id*. After a detention hearing, the Court granted the United States' motion and ordered the Defendant detained. (ECF 5.) Defendant now asks this Court to reconsider its ruling. (ECF 23.) The Court should deny Defendant's motion because Defendant fails to show why he is no longer a flight risk, or a danger to the community. The Court should also deny Defendant's motion for the following four reasons: there is a rebuttal presumption of detention in this case; Defendant has significant incentive to flee; the detention order properly accounts for Defendant's history and characteristics; and Defendant's circumstances have not changed significantly that justifies setting bail.

# II.
# BACKGROUND

Defendant was arrested on January 6, 2021, at the San Ysidro Port of Entry driving a vehicle with 3 packages of methamphetamine concealed in the center console of the vehicle. (ECF 1.) The packages weighed approximately 1.02 kilograms (2.25 pounds). *Id*. In a post-*Miranda* statement, Defendant admitted he was going to be paid $600 to smuggle the narcotics into the United States. *Id*.

On January 7, 2021, at Defendant's initial appearance, the Court found Defendant was both a serious risk of flight and a danger to the community, thus no set of conditions would adequately assure Defendant's appearance at future court hearings or ensure the safety of the community. (ECF 5.) Specifically, the Court found the weight of the evidence, though the least important factor, was strong. The Court also found Defendant would be subject to a lengthy period of incarceration if convicted, Defendant had a significant prior

criminal history, including a history of violence or use of weapons, Defendant had probation or supervised release violations, including prior failures to appear in court, and a history of alcohol or substance abuse. *Id.*

Defendant was charged by way of Information with knowingly and intentionally importing 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21 U.S.C. Sections 952 and 960. (ECF 15.) The parties have lodged a plea agreement. (ECF 15.) Defendant is scheduled for a change of plea hearing on April 26, 2021.

### III.
### LEGAL STANDARD

The Court must conduct an individualized evaluation of each bail request. 18 U.S.C. § 3142(g).  The Court is directed by statute to consider four specific factors: (1) the nature and seriousness of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g); *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

A rebuttable presumption exists, "that no condition or combination of conditions will reasonably assure the safety of any other person and the community" when the defendant is charged with "an offense for which a maximum term of imprisonment of 10 years or more is prescribed by the Controlled Substances Act…." 18 U.S.C. § 3142(e)(3)(A).

Upon entering a guilty plea, there is a presumption of detention. 18 U.S.C. § 3143(a)(2) ("The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A) . . . of section 3142 and is awaiting imposition or execution of sentence be detained unless . . . the judicial officer finds by clear and convincing evidence that the person is not likely to flee . . . ."); *see also United States*

*v. Dominguez*, No. 15cr1587-BEN, 2015 WL 6033950, at *1 (S.D. Cal. Oct. 15, 2015) ("Unlike 18 U.S.C. § 3142, which makes bail presumptive for accused citizens awaiting trial, § 3143(a) governs a defendant found guilty and awaiting sentencing. Section 3143 makes detention presumptive."); *United States v. Carey*, No. 11cr671-WQH, 2014 WL 295381, at *2 (S.D. Cal. Jan. 27, 2014) (finding "Defendant is subject to mandatory detention provision" after entering guilty plea and awaiting imposition of sentencing).

## IV.
## ARGUMENT

The Court should deny Defendant's motion because Defendant fails to show why he is no longer a flight risk, or a danger to the community. The Court should deny Defendant's Motion for four reasons: there is a rebuttal presumption of detention; Defendant has significant incentive to flee; the detention order properly accounts for Defendant's history and characteristics; and Defendant's circumstances have not changed significantly that justifies setting bail.

First, there is a rebuttal *presumption of detention* based on the nature of the charge and seriousness of the offense charged. 18 U.S.C. § 3142(e)(3)(A). Defendant is charged with importing more than 50 grams of methamphetamine under Title 21 United States Code Sections 952 and 960. The defendant is facing a mandatory minimum of five years and a maximum of forty years of incarceration.

Second, Defendant has significant incentive to flee. While Defendant has not yet entered a plea of guilty, a plea agreement is lodged. The matter is set for a change of plea at the same time as the hearing on this motion for reconsideration. In the lodged plea agreement, Defendant is agreeing he is guilty and subject to a five-year mandatory minimum prison sentence. In addition, the Government is agreeing not to prosecute the Defendant with an offense that involves a ten-year mandatory minimum sentence. Defendant has more incentive to flee than he did at the time of the detention hearing. In his Motion, Defendant fails to present any arguments as to why he is not a flight risk given the significant incarceration he is facing. Further, if Defendant proceeds with the change of

plea, as scheduled, there is a presumption of detention. 18 U.S.C. § 3143(a)(2). At which point, Defendant shall be detained unless he can show by "clear and convincing evidence that [he] is not likely to flee…." *Id*. Regardless of whether Defendant proceeds with the guilty plea, in its initial order this Court found that detention was warranted, due in part, because Defendant was subject to a lengthy period of incarceration if convicted. (ECF 5.) The changed circumstances set forth in Defendant's motion do not mitigate the Defendant's significant incentive to flee.

Third, the Court's current detention order properly accounts for Defendant's history and characteristics. In determining the appropriateness of bond, the Court considers the section 3142(g) factors and set conditions that would "reasonably assure the appearance of the [defendant] as required . . ." at pre-trial proceedings. 18 U.S.C. § 3142(c). At the detention hearing, Defendant's significant criminal history, including offenses of being a felon in possession of prohibited firearm/ammunition, history of substance abuse, multiple probation violations and failures to appear in court, were all factors this Court properly considered when denying bail. In the instant offense, ammunition was found in the vehicle Defendant was driving. Defendant's criminal involvement ranges from age 18 to 34. Defendant's history and characteristics show no circumstances or set of conditions will reasonably assure his appearance in court or assure the safety of the community.

Fourth, Defendant's circumstances are not significantly different than those considered by the Court in imposing the current bond conditions. Defendant addresses two changed circumstances, namely his health concerns and his father's passing. (ECF 23.) Defendant emphasizes certain health complications he is suffering while being held in jail. *Id*. The health conditions mentioned arise from an injury suffered in 2016. *Id*. Though the United States is sympathetic to these health concerns, it does not outweigh the other Section 3142(g) factors this Court must consider in setting bail. Defendant's health conditions were not significant enough to deter Defendant from engaging in criminal activity. Finally, Defendant also seeks to have bond set in order to aid his family in getting his father's affairs in order. While a noble venture, this alone does not rise to the level to show Defendant is

no longer a flight risk or a danger to the community.

## V.
## **CONCLUSION**

For all the foregoing reasons, the Court should deny Defendant's Motion for Reconsideration and Set Conditions of Release.

DATED: April 23, 2021.

                                              RANDY S. GROSSMAN
                                              Acting United States Attorney

                                              *s/ Maritsa A. Flaherty*
                                              MARITSA A. FLAHERTY
                                              Assistant U.S. Attorney