1  ROBERT S. BREWER, JR.
   United States Attorney
2  AMY B. WANG
   Assistant United States Attorney
3  California Bar No. 306459
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 546-6968
6
   Attorneys for Plaintiff
7  UNITED STATES OF AMERICA

8                **UNITED STATES DISTRICT COURT**

9                **SOUTHERN DISTRICT OF CALIFORNIA**

10  UNITED STATES OF AMERICA,              Case No. 21-CR-0660-GPC

11                    Plaintiff,           **PLEA AGREEMENT**

12        v.                               (Pre-Indictment
                                            Fast-Track Program)
13  MICHAEL JAMES STEVENS,

14                    Defendant.

15

16        IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA,

17  through its counsel, Robert S. Brewer, Jr., United States Attorney, and

18  Amy B. Wang, Assistant United States Attorney, and Defendant, MICHAEL

19  JAMES STEVENS, with the advice and consent of Patrick Q. Hall, counsel

20  for Defendant, as follows:

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  ABW:cm:2/18/21

                                                  Def. Initials

I

## THE PLEA

A.   THE CHARGE

Defendant agrees to waive Indictment and plead guilty to a single-count Information charging that:

> On or about January 6, 2021, within the Southern District of California, defendant, MICHAEL JAMES STEVENS, did knowingly and intentionally import 50 grams and more, to wit: approximately 1.02 kilograms (2.25 pounds) of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, into the United States from a place outside thereof; in violation of Title 21, United States Code, Sections 952 and 960.

B.   EARLY DISPOSITION (FAST-TRACK) PROGRAM

The disposition contemplated by this plea agreement is pursuant to an early disposition (Fast-Track) program authorized by the Attorney General of the United States and the United States Attorney for the Southern District of California.

In return for the concessions made by the Government herein, Defendant agrees further as follows:

1.   If in-person criminal proceedings are suspended, Defendant will consent to plead guilty by video teleconference (VTC) or by telephone if VTC is unavailable, and will join in any necessary motion for the District Court to authorize the change of plea hearing to proceed via VTC or telephone;

2.   Defendant will not file any substantive motions (including those described in Fed. R. Crim. P. 12, other than motions seeking bail review), will not object to the continuance of the preliminary hearing and exclusion of time under Fed. R. Crim. P. 5.1, and will not object to the continuance of the deadline for the Government to

2

Def. Initials _____

____CR____

file an Information or Indictment under 18 U.S.C. § 3161(b) and the exclusion of time under 18 U.S.C. § 3161(h)(7)(A); and

3. Upon acceptance of Defendant's guilty plea by the District Court, and not withstanding any preservation order(s) entered by the District Court, the Government need not hold or preserve any evidence seized in connection with this case, including but not limited to:

a. Any cellular device(s);

b. Any vehicle(s); and

c. Any controlled substance(s), except sample amounts for confirmatory testing.

C.   FORFEITURE

The Defendant further agrees to the administrative and/or civil forfeiture of all properties seized in connection with this case which the Defendant agrees are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881.  The Defendant further waives Defendant's right to receive timely notice of administrative forfeiture as set forth in 18 U.S.C. § 983(a) and waives receipt of all notice of forfeiture in this and all other administrative and civil proceedings.  Defendant waives and disclaims Defendant's interest, if any, in the properties to be forfeited as described above.  Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the property(ies) seized in connection with this case.

D.   NON-PROSECUTION OF TEN-YEAR MANDATORY MINIMUM OFFENSE

The Government agrees not to prosecute Defendant with an offense under Title 21 that carries a ten-year mandatory minimum sentence for the conduct described herein unless Defendant breaches the plea

3

Def. Initials

___CR_____

agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If Defendant breaches this agreement or the guilty plea is set aside, Section XII below shall apply.

II

**NATURE OF THE OFFENSE**

A.   ELEMENTS EXPLAINED

The offense to which Defendant is pleading guilty has the following elements:

1.   Defendant knowingly brought methamphetamine into the United States from a place outside the United States; and

2.   Defendant knew that it was methamphetamine or some other federally controlled substance.

In addition, for purposes of sentencing, the Government would have to prove, beyond a reasonable doubt, that the amount of methamphetamine involved in the offense was at least 50 grams of a mixture or substance containing a detectable amount of methamphetamine.

B.   ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1.   On or about January 6, 2021, Defendant knowingly and intentionally drove a vehicle from Mexico into the United States through the San Ysidro, California, Port of Entry (POE).

2.   At the time the Defendant entered the United States, concealed within the vehicle was approximately 1.02 kilograms (2.25 pounds) of methamphetamine, a Schedule II Controlled Substance.

3.   At the time Defendant drove the vehicle into the United States from Mexico through the San Ysidro, California POE, Defendant knew that the vehicle contained methamphetamine, or some other federally controlled substance, and Defendant intentionally brought these drugs into the United States.

4

Def. Initials _____

____CR_____

### III

### PENALTIES

The crime to which Defendant is pleading guilty carries the following penalties:

A.  a maximum 40 years in prison, and a mandatory minimum 5 years;

B.  a maximum $5,000,000 fine;

C.  a mandatory special assessment of $100.00 per count;

D.  a term of supervised release of at least 3 years and up to life (failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release); and

E.  possible ineligibility for certain Federal benefits.

### IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A.  Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.  A speedy and public trial by jury;

C.  The assistance of counsel at all stages of trial;

D.  Confront and cross-examine adverse witnesses;

E.  Testify and present evidence and to have witnesses testify on behalf of Defendant; and

F.  Not testify or have any adverse inferences drawn from the failure to testify.

//

//

//

//

5

Def. Initials ___

___CR___

V

**DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE
PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION**

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty, Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or file a collateral attack on the existence of this information.

VI

**DEFENDANT'S REPRESENTATION THAT GUILTY
PLEA IS KNOWING AND VOLUNTARY**

Defendant represents that:

A.   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea;

B.   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

6

Def. Initials _____
         CR

C.   No one has threatened Defendant or Defendant's family to induce this guilty plea; and,

D.   Defendant is pleading guilty because Defendant is guilty and for no other reason.

**VII**

**AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE,
SOUTHERN DISTRICT OF CALIFORNIA**

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

**VIII**

**APPLICABILITY OF SENTENCING GUIDELINES**

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence report be prepared.** Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

Def. Initials _____
____CR____

## IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).  The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute.  It is uncertain at this time what Defendant's sentence will be.  The Government has not made and will not make any representation as to what sentence Defendant will receive.  Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**.  Any recommendation made by the Government at sentencing is also not binding on the Court.  If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

## X

## PARTIES' SENTENCING RECOMMENDATIONS

A.   SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

| | | |
|---|---|---|
| 1. | Base Offense Level [USSG § 2D1.1] | 34* |
| 2. | Importation of Methamphetamine [§ USSG 2D1.1(b)(5)] (**If** Defendant is not subject to an adjustment for role under § 3B1.2) | +2 |
| 3. | Safety Valve (if applicable) [§§ 2D1.1(b)(18) and 5C1.2] | NA** |
| 4. | Acceptance of Responsibility [§ 3E1.1] | -3 |
| 5. | Departure for Fast Track [§ 5K3.1] | -4*** |

8

Def. Initials _M___

____CR____

\*The actual Base Offense Level (BOL) cannot be determined until a laboratory has weighed and performed a chemical analysis of the substance, so this calculation is subject to change. At sentencing, the parties will recommend a BOL consistent with the results of the laboratory testing.  If Defendant is determined to be a career offender pursuant to USSG § 4B1.1(a), the applicable base offense level shall be determined pursuant to USSG § 4B1.1(b).  Furthermore, the Defendant will be ineligible for any role reduction.

\*\*Defendant acknowledges that he is not eligible for Safety Valve and is subject to the statutory mandatory minimum sentence.

\*\*\*The Government reserves the right to reduce its recommended departure if Defendant does not proceed to sentencing on the first date set by the Court, unless the parties agree to a continuance or sentencing is continued on the Court's own motion.

B.   ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1.   Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2.   Falsely denies prior criminal conduct or convictions;

3.   Is untruthful with the Government, the Court or probation officer; or

4.   Breaches this plea agreement in any way.

//

//

9

Def. Initials _____

_____CR_____

C.   FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS
     INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government may oppose any downward adjustments, departures, or variances not set forth in Section X of this plea agreement.

D.   NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category, except that, if Defendant is determined to be a Career Offender, the parties agree that the Defendant is automatically a Criminal History Category VI pursuant to USSG § 4B1.1(b).

E.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.   PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government agrees to recommend the greater of: within the advisory Guidelines range as calculated by the Government after incorporating a downward variance under 18 U.S.C. § 3553(a) that is the equivalent of two levels under the Sentencing Guidelines;[1] the statutory mandatory minimum sentence or the time served in custody at the time of sentencing.

//

_____

[1] This variance is for Defendant's waiver of indictment during the judicial emergency declared in Orders of the Chief Judge 18, *et seq.*, Defendant's waiver of any claim that this prosecution violates any prompt presentment or Speedy Trial Act provisions, including Fed. R. Crim. P. 5 and 5.1 and 18 U.S.C. § 3161, and Defendant's agreement to plead guilty via VTC or telephone as set forth in Section I(B).

Def. Initials _____

_____CR_____

G.   SPECIAL ASSESSMENT AND FINE

The parties will jointly recommend that Defendant pay a assessment in the amount of $100.00 per felony count of conviction be paid forthwith at time of sentencing.  The special assessment shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

The parties will not recommend imposition of a fine due to Defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program, likely would exceed the amounts that could reasonably be expected to be collected.

H.   SUPERVISED RELEASE

The Government is free to recommend a period of supervised release. If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least two-thirds of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment and restitution judgment.

**XI**

**DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence.  This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exceptions are: (i) Defendant may appeal a custodial sentence above the greater of 110 months or the statutory mandatory minimum term,

Def. Initials _____
____CR____

1  if applicable; and (ii) Defendant may collaterally attack the conviction

2  or sentence on the basis that Defendant received ineffective assistance

3  of counsel. If Defendant appeals, the Government may support on appeal

4  the sentence or restitution order actually imposed.

### XII

### BREACH OF THE PLEA AGREEMENT

7  Defendant and Defendant's attorney know the terms of this agreement

8  and shall raise, before the sentencing hearing is complete, any claim

9  that the Government has not complied with this agreement. Otherwise,

10  such claims shall be deemed waived (that is, deliberately not raised

11  despite awareness that the claim could be raised), cannot later be made

12  to any court, and if later made to a court, shall constitute a breach

13  of this agreement.

14  Defendant breaches this agreement if Defendant violates or fails

15  to perform any obligation under this agreement.  The following are non-

16  exhaustive examples of acts constituting a breach:

17  A.  Failing to plead guilty pursuant to this agreement;

18  B.  Failing to fully accept responsibility as established in
    Section X, paragraph B, above;

19

20  C.  Failing to appear in court;

21  D.  Attempting to withdraw the plea;

22  E.  Failing to abide by any court order related to this case;

23  F.  Appealing (which occurs if a notice of appeal is filed) or
    collaterally attacking the conviction or sentence in violation
    of Section XI of this plea agreement; or

24

25  G.  Engaging in additional criminal conduct from the time of
    arrest until the time of sentencing.

26  If Defendant breaches this plea agreement, Defendant will not be

27  able to enforce any provisions, and the Government will be relieved of

28  all its obligations under this plea agreement.  For example, the

12

Def. Initials _MS_
____CR_____

Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above.  Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges).  In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant.  This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant.  Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

//

//

13

Def. Initials _____

____CR_____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.   No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language).   Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

14

Def. Initials _____
____CR_____

1

XV

2

**DEFENDANT SATISFIED WITH COUNSEL**

3      Defendant has consulted with counsel and is satisfied with

4  counsel's representation. This is Defendant's independent opinion, and

5  Defendant's counsel did not advise Defendant about what to say in this

6  regard.

7                                    Respectfully submitted,

8                                    ROBERT S. BREWER, JR.
                                     United States Attorney

9

10  February 18, 2021
    _____
    DATED                            _____
                                     AMY B. WANG

11                                   Assistant United States Attorney

12  3-19-21
    _____
13  DATED                            _____
                                     PATRICK Q. HALL
                                     Defense Counsel

14

15  **IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER
    PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE**

16  **ARE TRUE.**

17  3-19-21

18  _____
    DATED                            _____
                                     MICHAEL JAMES STEVENS
                                     Defendant

19

20  Approved by:

21

22  s/ Charlotte E. Kaiser
    _____
    CHARLOTTE E. KAISER
    Assistant United States Attorney

23

24  Rev. 6/27/2017 JSS:dca

25

26

27

28

Def. Initials _____
_____CR_____