RANDY S. GROSSMAN
Acting United States Attorney
PETER S. HORN
Assistant United States Attorney
California Bar No. 321358
New York Bar No. 5333653
Office of the United States Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: 619-546-6795
Email: peter.horn@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL JAMES STEVENS,<br><br>  Defendant. | Case No.: 21-CR-660-GPC<br><br>**UNITED STATES'<br>SENTENCING MEMORANDUM**<br><br>Date: September 20, 2021<br>Time: 8:30 a.m.<br>Courtroom: 2D<br><br>The Hon. Gonzalo P. Curiel |
|---|---|

The United States submits this memorandum in support of its sentencing recommendations. It requests that Defendant be sentenced to 77 months in custody and three years of supervised release.

**A.  A Safety-Valve Reduction Is Warranted**

A defendant is not subject to a mandatory-minimum term of imprisonment and receives a two-level reduction under the Guidelines if he qualifies for safety valve. 18 U.S.C. § 3553(f); USSG §§ 2D1.1(b)(18), 5C1.2(a)(1)-(5). Defendant here is not eligible for safety valve under the Guidelines because he has 10 criminal history points, USSG § 5C1.2(a)(1); *see* PSR ¶¶ 27-39, but as discussed below, he is eligible for safety valve under the First Step Act, 18 U.S.C. § 3553(f)(1), and *United States v. Lopez*, 998 F.3d 431,

437, 443-44 (9th Cir. 2021). He provided information about his involvement in the offense and thus satisfies the fifth prong of safety valve.

**B.    Minor Role Is Not Appropriate**

If a defendant shows that he was a minor participant in the criminal activity, then USSG § 2D1.1(a)(5) reduces the base offense level (where appropriate), and he can receive a two-level reduction under USSG § 3B1.2(b). A court's decision as to role is "based on the totality of the circumstances and involves a determination that is heavily depending upon the facts of the particular case." USSG § 3B1.2, note 3(c). The court should consider a "non-exhaustive list of factors:"

> (i)   the degree to which the defendant understood the scope and structure of the criminal activity;
> (ii)  the degree to which the defendant participated in planning or organizing the criminal activity;
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
> (iv)  the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
> (v)   the degree to which the defendant stood to benefit from the criminal activity.

*Id.*, note 3(C)(i)-(v); *see also United States v. Aguilar Diaz*, 884 F.3d 911, 915 (9th Cir. 2018). "The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity." USSG § 3C1.2, note 3(C).

Defendant has not met his burden of showing he had a minor role. First, he had an understanding of the scope and structure of the activity. He was in direct contact with the person to whom he would deliver the drugs in the United States, and after his arrest, he stated that he believed he knew the person in charge of the smuggling organization, who may have ties to a cartel. Second, Defendant had at least some responsibility for planning and organizing the offense. He had crossed drugs multiple times, and he (and at least two of his friends) participated in making the arrangements with individuals in Mexico and the

2

United States. Third, he appears to have had at least some decision-making authority in how and when he would cross with drugs. He also admitted that he sells drugs for personal use to certain friends, and so he likely had a proprietary interest in and control over some of the narcotics. Fourth, Defendant was involved in the activity to a significant extent. From his own account, he had imported drugs on multiple occasions, and he started doing so about a year before his arrest here. TECS records show he regularly crossed into the United States and did so with his vehicle here three other times in the month before this offense. Defendant's apparent connections to traffickers on both sides of the border also show that he was not a mere courier. Finally, Defendant stood to benefit from this activity. He stated he would be paid $600 to cross with the drugs here. While perhaps a relatively modest amount, this expected payment must be viewed in light of his multiple crossings with drugs and the additional benefit he received from personal use and distribution.

For these reasons, Defendant is not substantially less culpable than the average participant.

**C.   Variances to 77 Months Are Warranted**

The United States requests an overall downward variance of 63 months from the low end of the Guideline range of 140 months' custody. This results in a recommended sentence of 77 months' custody. The reasons are set forth below.

First, the United States requests that the Court vary downward by the equivalent of two levels (20 months) because Defendant is eligible for safety-valve relief under the First Step Act and *Lopez*.

Second, the United States recommends another downward variance equivalent to two levels (20 months) based on the parties' Plea Agreement: because of Defendant's waiver of indictment during the judicial emergency and of any claim that this prosecution violations any prompt presentment or Speedy Trial Act provisions, and his agreeing to plead guilty by VTC or telephone. Plea Agreement at 10 n.1.

Finally, the United States recommends a further variance of 23 months, to 77 months in custody. This is based on Defendant's difficult childhood, PSR ¶ 45, his history of

3

substance abuse but apparent desire to stay sober going forward, *id.* ¶¶ 55-59, 81, 89, and his commitment to his girlfriend and youngest son, along with his desire to become a positive influence in his son's life, *id.* ¶¶ 46, 59, 81. After considering the § 3553(a) factors, the United States believes the recommended sentence of 77 months' custody is sufficient but not greater than necessary.

**D.  Conclusion**

The United States respectfully requests that the Court sentence Defendant to 77 months in custody and three years of supervised release.

DATED: September 13, 2021                                Respectfully submitted,

RANDY S. GROSSMAN
Acting United States Attorney

*/s/ Peter S. Horn*
PETER S. HORN
Assistant United States Attorney